## Rhoads et al. v. Reading Company

*D. H. Kubert*, for plaintiffs.

*H. R. Heebner*, for defendant.

FLOOD, J., October 14, 1952. — Plaintiff, a minor, alleges that on June 27, 1950, a railroad detective employed by defendant requested him to submit to arrest in connection with charges of misdemeanors that had occurred five days earlier on railroad property. Plaintiff accompanied the detective to a police station where he was detained and subsequently charged with incendiarism and malicious mischief. On October 26, 1950, plaintiff was discharged in the juvenile court. He and his parents instituted this action on June 11, 1952.

The Act of July 1, 1935, P. L. 503, 12 PS §51, which imposed a one-year limitation on actions "for malicious prosecution or for false arrest" is pleaded by defendant and made the basis of a motion for judgment on the pleadings. Plaintiff argues that the complaint alleges facts giving rise to causes of action not only for false arrest and malicious prosecution but also for false imprisonment. He asserts that the cause of action for false imprisonment is not within the words of the statute and hence is governed by the usual period of limitations.

It appears to us that to sustain the broad proposition that no action for false imprisonment falls within this statute would be to erase the words "false arrest" from the act. Every arrest without a warrant involves a confinement which, if not privileged, constitutes a false imprisonment. Hence, "false arrest" in the act must include some actions for false imprisonment. This strong indication of a legislative intent to include actions of false imprisonment to some extent is confirmed by an analysis of "false arrest".

Strictly speaking, "false arrest" is not itself a tort in the sense of being an independent source of liability. See Harper, Malicious Prosecution, False Imprisonment and Defamation, 15 Tex. L. Rev. 157, 161-162, 171 (1937). "An arrest is the taking of another into the

custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law": A. L. I. Restatement of the Law of Torts, §112. Privilege shields this conduct from liability if it is authorized by law. But if it is not so authorized, it usually involves assault and battery and false imprisonment, or both, and on these grounds gives rise to liability. See A. L. I. Restatement of the Law of Torts, §118, com. (b). Hence, one who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages for whatever civil wrongs he commits. The action to redress these wrongs is familiarly known as an action for false arrest and is what the legislature must have meant by the use of the term. Therefore, we conclude that in cases where defendant purports to act for the purpose of securing the administration of the law without actual legal justification, "false arrest" is synonymous with false imprisonment and the Act of 1935 applies. We need not, and do not, decide the impact of the statute on actions for false imprisonment arising from other circumstances.

This action belongs to the class of cases which fall within the act. On the pleadings, the confinement of which plaintiffs complain was the result of the boy's submission to the detective's request. If the detective was not purporting to act by authority of law, the boy's consent would bar him from an action for false imprisonment. For this reason, we see no reason to allow an opportunity to amend. If to avoid the statute plaintiff were to amend to show that the imprisonment was not an arrest, his complaint would be demurrable upon the ground of consent.

Judgment is entered for defendant on the pleadings.