Ronald Lee **HILEMAN**, Appellant,

v.

Lawrence **KNABLE**, Jr., Police Officer, Andrew **Kurey**, Police Officer.

No. 17038.

United States Court of Appeals Third Circuit.

Submitted on Briefs Feb. 21, 1968.

Decided March 18, 1968.

Ronald L. Hileman, pro se.

W. E. Shissler, Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for appellee.

---

## OPINION OF THE COURT

Before BIGGS, KALODNER and FREEDMAN, Circuit Judges.

### PER CURIAM:

Hileman appeals from a judgment dismissing his complaint and denying his motion for additional findings of fact. The suit was brought under the Civil Rights Act, 42 U.S.C. § 1983 and the court below held that Hileman's suit was barred by the applicable statute of limitations and consequently granted appellees', Knable's and Kurey's, motion to dismiss the complaint.

The issue in the case at bar is whether the trial court applied the proper statute of limitation. The complaint alleges:

"3. Plaintiff was illegally arrested by Mr. L. Knable, Jr., Officer of the Mount Union Borough Police. Officer Knable place[d] the plaintiff under arrest without a warrant for his arrest."

"4. Plaintiff was confine[d] to the Mount Union jail without a proper warrant or commitment by Mr. L. Knable, Jr. and Mr. A. Kurey, Officers of the Mount Union Borough Police."

██ There being no federal statute of limitations in respect to actions under 42 U.S.C. § 1983, the court below properly held that the Pennsylvania statute of limitations for analogous actions should be applied. Jones v. Bombeck, 375 F. 2d 737 (3 Cir. 1967). Pennsylvania has a one year statute of limitations for actions to recover damages for false arrest and malicious prosecution. 12 P.S. § 51. On the other hand, actions for false imprisonment have been held to fall under the Pennsylvania two-year statute of limitations for personal injury. 12 P.S. § 34; Henig v. Odorioso, 256 F. Supp. 276, 280 (E.D.Pa.1966). Hileman concedes that his complaint against Knable is one for false arrest and thus

is barred by the one year statute of limitations for the events complained of occurred on or about September 12–14, 1964 and the complaint was received by the clerk of the court below on September 8, 1966.[1] Hileman appeals, however, from the judgment that the suit against Kurey also is one of false arrest rather than false imprisonment and thus too is barred by the Pennsylvania one year statute of limitations.

We will affirm the judgment. As was stated by Judge Flood in Rhoads v. Reading Co., 83 Pa.Dist. & Co.R. 168, 169–170 (C.P.Phila.1952): "The Act of July 1, 1935, P.L. 503, 12 P.S. § 51, which imposed a one-year limitation on actions 'for malicious prosecution or for false arrest' is pleaded by defendant and made the basis of a motion for judgment on the pleadings. Plaintiff argues that the complaint alleges facts giving rise to causes of action not only for false arrest and malicious prosecution but also for false imprisonment. He asserts that the cause of action for false imprisonment is not within the words of the statute and hence is governed by the usual period of limitations.

"It appears to us that to sustain the broad proposition that no action for false imprisonment falls within this statute would be to erase the words 'false arrest' from the act. Every arrest without a warrant involves a confinement which, if not privileged, constitutes a false imprisonment. Hence, 'false arrest' in the act must include some actions for false imprisonment. This strong indication of a legislative intent to include actions of false imprisonment to some extent is confirmed by an analysis of 'false arrest'."

" * * * Therefore, we conclude that in cases where defendant purports to act for the purpose of securing the administration of the law without actual legal

---

1. Although the complaint was received by the clerk of the court on September 8, 1966, it was not "filed" until the action was allowed in forma pauperis on October 13, 1966. Because we hold that Hileman's suit is barred by the one year statute of limitations we do not reach the issue of whether the statute is tolled by the receipt or by the "filing" of the complaint.

justification, 'false arrest' is synonymous with false imprisonment and the Act of 1935 applies."

The judgment will be affirmed.