## Gagliardi, Appellant, *v.* Lynn.

Argued March 18, 1971.   Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Leo Kostman* and *William K. Herrington,* with them *Richard G. Zeleznik,* and *Weis & Weis,* for appellee.

OPINION BY MR. JUSTICE POMEROY, December 20, 1971:

This is an appeal from a summary judgment in an action in trespass entered in favor of appellees, defendants below.  The complaint in the case is entitled "Complaint in Trespass for false imprisonment".  The

answers did not deny any factual averments, but asserted as new matter the bar of the statute of limitations. No depositions were taken nor affidavits filed, and the only facts before us are those set forth in the amended complaint; these must be taken as true for purposes of this appeal. See Pa. R. C. P. 1035(b) ; *Bata v. Central-Penn National Bank of Philadelphia,* 423 Pa. 373, 378, 224 A. 2d 174 (1966) (a case involving a motion for judgment on the pleadings). The facts relevant to disposition of this appeal are as follows:

On July 14, 1967, the mayor of West Mifflin Borough, George W. Lynn, one of the two appellees, informed a resident of the borough, John Gagliardi, the appellant, that in order for him to continue with construction work then in progress on Gagliardi's property, he would have to secure a permit and post a bond pursuant to a borough ordinance. When appellant disputed this order, Mayor Lynn directed a borough police officer, appellee Belan, to detain appellant in the local jail. The resulting incarceration lasted for some nine hours. When brought before a justice of the peace three days later for a hearing on the charges against him (unspecified in the complaint), the justice of the peace determined that the asserted authority for appellant's imprisonment was not contained in any Borough ordinance. The complaint charges that the acts of the appellees in causing the imprisonment were willful, malicious and unlawful and without cause or provocation, all to the loss and damage of appellant. Ordinary and punitive damages were demanded.

The suit was commenced on May 6, 1969, by the filing of a complaint which was promptly served. After preliminary objections, an amended complaint was filed.

The lower court, in sustaining defendant's motion for summary judgment, held the action to be barred

by the Act of July 1, 1935, P. L. 503, 12 P.S. §51, which establishes a one year period of limitations applicable to actions of malicious prosecution and false arrest. That act provides as follows: "Every suit to recover damages for malicious prosecution or for false arrest, because of a right of action hereafter accruing, must be brought within one year from the date of the accruing of such right of action, and not thereafter. . . ."

The court reasoned as follows: "The Act of July 1, 1935, P. L. 503 imposes a one year limitation on actions for false arrest and malicious prosecution and, if applicable, would bar this action. Actions for false imprisonment generally are governed by the Act of 1713, March 27, 1 Sm. L. 76, Section 1 (12 P.S. 31), which imposes a two year period. Under certain circumstances, however, false arrest and false imprisonment are merely different labels which describe the same conduct. Detainment and confinement constitute the gravamen of the civil wrong committed by an individual who illegally asserts or employs authority over another while purportedly enforcing the law. This civil wrong can be denominated as either false arrest or false imprisonment. The Legislature must have intended to circumscribe the period within which an action could be brought for such conduct rather than create different periods of limitation depending upon which label counsel might choose to employ in a pleading. Here a public official and a police officer are alleged to have deprived another of his liberty while purportedly acting by authority of law. This conduct constitutes false arrest within the meaning of the Statute."

Appellant argues, to the contrary, that the Act of 1935, *supra,* is inapplicable, since it specifically relates only to false arrest and malicious prosecution; he states that the limitation which governs actions for false imprisonment is the normal two year period per-

taining to wrongs done to a person. Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34.[1]

We are thus presented with the question whether, with respect to the Act of 1935, *supra,* the legislative intent was to include false imprisonment[2] which, as here, is preceded by unlawful arrest, within the meaning of "false arrest"[3] as used in the Act, and to which a one-year period applies.

This is a case of first impression in our Court. We have, however, helpful guidance in an opinion by the late Judge FLOOD, then a judge of the Court of Common Pleas of Philadelphia County, in *Rhoads v. Reading Company,* 83 Pa. D. & C. 168 (Phila. County, 1952). Said Judge FLOOD:

"It appears to us that to sustain the broad proposition that no action for false imprisonment falls within

---

[1] As indicated in the quotation from the lower court's opinion contained in the text, Judge WENTLEY thought that the alternative statute which would allow two years within which to bring suit was Section 1 of the Act of March 27, 1713, 12 P.S. §31. That act specifically mentions "imprisonment" as one of the actions to be governed by the two-year limitation. The Act of 1895, however, was held to be the statute applicable to false imprisonment in *Jones-Burget v. Borough of Dormont,* 14 F. 2d 954 (C.A. 3d, 1926). As a practical matter, the result would be the same in either case.

[2] False imprisonment, as defined in §35 of the *Restatement 2d, Torts* (1965) entails liability to an actor if

"(a) he acts intending to confine the other or a third person within boundaries fixed by the actor, and

"(b) his act directly or indirectly results in such a confinement of the other, and

"(c) the other is conscious of the confinement or is harmed by it."

[3] "Arrest" is defined in §112 of the *Restatement* as "the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law."

Arrest is a privilege, and if the conditions of the privilege are not met, the arrest is unlawful, or "false". See *Restatement, supra,* Chapter V, especially Sections 118-126.

this statute would be to erase the words 'false arrest' from the act. Every arrest without a warrant involves a confinement which, if not privileged, constitutes a false imprisonment. Hence, 'False arrest' in the act must include some actions for false imprisonment. This strong indication of a legislative intent to include actions of false imprisonment to some extent is confirmed by an analysis of 'false arrest'.

"Strictly speaking, 'false arrest' is not itself a tort in the sense of being an independent source of liability. See Harper, Malicious Prosecution, False Imprisonment and Defamation, 15 Tex. L. Rev. 157, 161-162, 171 (1937). 'An arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law': A.L.I. Restatement of the Law of Torts, Sec. 112. Privilege shields this conduct from liability if it is authorized by law. But if it is not so authorized, it usually involves assault and battery and false imprisonment. or both, and on these grounds gives rise to liability. See A.L.I. Restatement of the Law of Torts, Sec. 118, com. (b). Hence, one who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages for whatever civil wrongs he commits. The action to redress these wrongs is familiarly known as an action for false arrest and is what the legislature must have meant by the use of the term. Therefore, we conclude that in cases where defendant purports to act for the purpose of securing the administration of the law without actual legal justification, 'false arrest' is synonymous with false imprisonment and the Act of 1935 applies. We need not, and do not, decide the impact of the statute on actions for false imprisonment arising from other circumstances." The lower court

relied on the decision in *Rhoads,* and we too find it persuasive.[4]

Appellant contends that every false arrest does not involve a false imprisonment. There are some instances, he hypothesizes, involving only a touching and no confinement.[5] While this may be granted, it alone, however, does not justify the application of the longer limitation period permissible under one of the statutes which deals with imprisonment and personal injury. Where false imprisonment is the wrong declared upon and where, as here, that confinement is inextricably intertwined with an unlawful arrest, the statute of limitations which governs the action is that relating to a false arrest.[6] By the same token, if the false arrest involved only a touching and no confinement, and we were forced to choose between limitation statutes relating to false arrest and battery, we would opt for the former.

Appellant contends, in conclusion, that appellee Belan, one of the co-defendants, waived the statute of

---

[4] The *Restatement 2d, Torts* (1965), continues, as did the first *Restatement* referred to in the *Rhoads* opinion, to point to the overlap which frequently occurs between false imprisonment and false arrest. Thus comment *b* of §118, in explaining "false arrest" states: "An arrest usually involves a confinement . . . and, in such case, the actor unless privileged is liable for 'false imprisonment'. . . . An arrest, whether with or without a warrant, usually involves conduct which, unless privileged, is an 'assault' or 'battery' as well as 'false imprisonment'."

[5] Among other examples, appellant presents the situation where a police officer, by touching, arrests the driver of a vehicle who immediately speeds off. While it is true that there is no confinement here, the proper remedy would seem to be an action of battery, assuming the arrest is unlawful. "If an arrest is made by a mere touching without confinement, as in the execution of a valid warrant, the touching is offensive and, unless privileged, is a 'battery'. . . ." *Restatement 2d, Torts,* §118, comment *b* (1965).

[6] In accord, *Hileman v. Knable,* 391 F. 2d 596 (3d Cir. 1968); *Alter v. Paul,* 101 Ohio App. 139, 135 N.E. 2d 73 (1955).

limitations defense by not filing his answer containing new matter within the time prescribed by the Pennsylvania Rules of Civil Procedure. See Pa. R.C.P. 1026, 1030, 1045. This affirmative defense was not raised until after the jury had been picked on the day scheduled for trial, and more than a year after service of the complaint. The lower court, however, permitted the late filing. We have considered this question previously and our position is clear: ". . . a lower court will not be reversed either for waiving or refusing to waive non-compliance with procedural rules in the absence of a showing of an abuse of discretion which has caused manifest and palpable injury to the complaining party: see Richter v. Mozenter, 356 Pa. 650, 654, 53 A. 2d 76." *Templeton Appeal,* 399 Pa. 10, 16, 159 A. 2d 725 (1960), quoting from *Coppage v. Smith,* 381 Pa. 400, 404, 113 A. 2d 247 (1955). This practice comports with Pa. R.C.P. 126 which mandates a liberal construction of the rules in general and the disregarding of any "error or defect of procedure which does not affect the substantive rights of the parties."

The lower court in its opinion noted that due to advancing the case on the trial list, normal pre-trial procedures, at which pleadings and possible amendments thereto are considered, had been by-passed. It further found that "[n]o substantial rights of the plaintiff were affected by the late filing inasmuch as timely notice of this defense could not have altered his position. The statute of limitations had run prior to the commencement of the action." In addition, we observe that no element of surprise was involved, since the other defendant, Lynn, had timely raised the statute of limitations defense in his answer, to which plaintiff had duly replied. It is clear that no abuse of discretion occurred here.

152

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.