Kenneth E. **MARTELL**

v.

**William D. CHISHOLM, Individually and formerly as a counselor for the Alcohol and Drug Abuse Counseling Center, et al.**

**Civ. A. No. 74–72 Erie.**

United States District Court, W. D. Pennsylvania.

Nov. 21, 1974.

be a proper basis for denying such relief. Sterzing v. Fort Bend Independent School District, 496 F.2d 92 (5th Cir. 1974).

Charles A. Bierbach and Otto F. Hofmann, Legal Services for Northwestern Pennsylvania, Meadville, Pa., for plaintiff.

Ballard F. Smith, Jr., Meadville, Pa., for Chisholm.

R. Charles Thomas, Meadville, Pa., for Eckert.

Janet Moschetta, Asst. Atty. Gen., Dept. of Justice, Pittsburgh, Pa., James T. Marnen, Asst. Atty. Gen., Erie, Pa., for Judge Thomas.

Robert L. Walker, Meadville, Pa., for Spencer Hospital.

## OPINION

WEBER, District Judge.

Plaintiff brought this action for deprivation of his constitutionally protected civil rights alleging in paragraph one of his Complaint that "through the individual and collective actions of the defendants . . . he was falsely imprisoned at the defendant Spencer Hospital for a period of fifteen days without due process. The aforesaid imprisonment was effected through the commencement of a statutorily defective civil commitment procedure pursuant to the Pennsylvania Mental Health and Retardation Act of 1966 . . . 50 P.S. § 4406."

The plaintiff requested that the court declare the actions of the defendants done pursuant to Section 4406 illegal, and to declare Section 4406 both unconstitutional on its face and unconstitutional as applied to the plaintiff. He also claims money damages, compensatory and punitive.

The plaintiff's allegations against the various defendants are based on their participation in the above action in the following respects:

Defendant Chisholm was an employee of Crawford County, Pennsylvania, as a Counselor with the Alcohol and Drug Abuse Counseling Center, and he is alleged to have filed a petition under Section 4406 of the Mental Health Act which was alleged to be defective because it contained no allegations as to plaintiff's supposed mental disability or danger to himself or others, as well as in other particulars.

Defendant Thomas is a Judge of the Court of Common Pleas of Crawford County, Pennsylvania, and he is alleged to have issued an order based upon said defective petition directing the Prothonotary of Crawford County to issue a warrant to the Sheriff of Crawford County to have the plaintiff "picked up and brought forthwith before the court for examination and hearing" without fixing a date for a hearing on the petition and without notifying or directing notification of any parties in interest.

Defendant Grill as Sheriff of Crawford County is alleged to have directed his deputy the Defendant Eckert to travel to plaintiff's home in Conneautville, Crawford County, Pennsylvania, to execute the warrant.

The Defendant Eckert is alleged to have taken plaintiff into custody and to have delivered him to a security room in the Defendant Spencer Hospital in Meadville, Pennsylvania, and it is further alleged that Defendant Eckert did not deliver the plaintiff to the court as directed.

The Defendant Spencer Hospital is alleged to have detained the plaintiff for a period of fifteen days against his will and is further alleged to have failed to report to the court that plaintiff was in need of care in a facility beyond a ten day examination period.

The plaintiff recites a series of requirements of Section 4406 of the Mental Health Act which Defendants failed to fulfill during the above recited actions and avers that at no time during the aforesaid actions of the defendants was the plaintiff ever advised or allowed to exercise his right pursuant to Section 4406.

In his Seventh Cause of Action the plaintiff alleges that Section 4406 on its face violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, and as his Eighth Cause of Action the plaintiff alleges that Section 4406 as applied to him violated the due process clause of the Fifth and Fourteenth Amendments.

The Complaint was filed two years to the day from the date of the filing of the Petition, the Order of the Court, and the taking of the Plaintiff into custody. All Defendants have moved to dismiss the Complaint because of the one year bar of the Pennsylvania Statute of Limitations for malicious prosecution and false arrest, 12 P.S. § 51, and under the law and decisions of the Appellate Courts of Pennsylvania that when a false imprisonment is proceeded by a false arrest the statute of limitations relating to the false arrest is applicable. Motions to dismiss on other grounds applicable to some or all of the Defendants have also been presented but because of the controlling nature of the statute of limitations questions with respect to all Defendants we will consider that first.

The Supreme Court of Pennsylvania in the case of Gagliardi v. Lynn, 446 Pa. 144, 285 A.2d 109 (1971) has sustained the Erie educated guess of the United States Court of Appeals for the Third Circuit in Hileman v. Knable, 391 F.2d 596 (3rd Cir. 1968) holding that when an imprisonment or detention follows an arrest which satisfies the judicial requirements of a false arrest then the applicable Pennsylvania statute of limitations is that provided by the laws of Pennsylvania for malicious prosecution and false arrest, 12 P.S. § 51, and not the general Pennsylvania Statute of Limitations of two years for tortious invasions of rights of the person. (12 P.S. § 31)

The court in Gagliardi, as well as the United States Court of Appeals in Hileman v. Knable, cit supra, relied on an earlier opinion of Judge Flood, then a Judge of the Court of Common Pleas of Philadelphia County, in Rhoads v. Read-ing Company, 83 Pa. D&C 168 (Common Pleas, Phila. County 1952), establishing the above principles.

The Plaintiff responds that in considering the instant case the arrest and the subsequent detention of the plaintiff are severable because nothing on the face of the arrest warrant which was served by the Defendant Deputy Sheriff Eckert would indicate its invalidity and that, therefore, there is no false arrest in this case. The plaintiff relies upon Restatement, Torts, 2nd, Section 122, which recites that an actor is privileged to arrest another under a warrant if the warrant is either valid or fair on its face. Section 124 of the Restatement 2nd defines a warrant as fair on its face even though one or more of the proceedings required for the proper issuance of the warrant have not duly taken place, but nothing appears in the warrant to indicate it.

 We read the Opinion in Gagliardi, supra, and the prior Opinion of Judge Flood in Rhoads v. Reading Co., supra, as holding that when the arrest and confinement are inextricably connected then the cause of action is one for false arrest and not false imprisonment. A reading of the Plaintiff's Complaint in this case clearly illustrates the inextricable nature of all of Plaintiff's allegations.

The Fifth Cause of Action recited in Plaintiff's Complaint recites that "the aforesaid concerted actions and inactions of the Defendants constituted a conspiracy to deprive the plaintiff of his liberty without due process of law in violation of 42 U.S.C. 1985(3)". The Seventh and Eighth Causes of Action are attacks on the constitutionality of the statute and the constitutionality of its application to the plaintiff in the instant case. The First Cause of Action attacks the actions of Defendant Chisholm in failing to comply with the statutory requirements of Section 4406 of the Mental Health Act in preparing the petition as being a deprivation of plaintiff's liberty without due process. The Second Cause

of Action attacks the Defendant Judge Thomas's action in failing to observe the requirements of the Mental Health Act with respect to the petition and that because of the deficiency of the petition presented to him the Judge did not have subject matter jurisdiction of the case before him. The Third Cause of Action alleges that the Defendants Sheriff Grill and the Deputy Sheriff Eckert "without good faith and knowingly, falsely, corruptly, maliciously and without reasonable cause, violated the requirements of Section 4406 and further violated the express requirements of the Order of Court and warrant issued by the Defendant Thomas." The Fourth Cause of Action charges that Spencer Hospital did, with the usual adverbs, violate the requirements of Section 4406 in accepting placement of the plaintiff without an Order of Court.

The court in Gagliardi v. Lynn, cite supra, quoting Rhoads v. Reading Company, cite supra, stated:

" 'An arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court, or of otherwise securing the administration of the law': A.L.I. Restatement of the Law of Torts, Sec. 112. Privilege shields this conduct from liability if it is authorized by law. But if it is not so authorized, it usually involves assault and battery and false imprisonment, or both, and on these grounds gives rise to liability. See A.L.I. Restatement of the Law of Torts, Sec. 118, com. (b). Hence, one who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages for whatever civil wrongs he commits. The actions to redress these wrongs is familiarly known as an action for false arrest and is what the legislature must have meant by the use of the term. Therefore, we conclude that in cases where defendant purports to act for the purpose of securing the administration of the law without ac-

tual legal justification, 'false arrest' is synonymous with false imprisonment and the Act of 1935 applies." (446 Pa. p. 149, 285 A.2d p. 111)

While noting in Gagliardi that every false arrest does not involve a false imprisonment, the court stated:

" . . . it alone, however, does not justify the application of the longer limitation period permissible under one of the statutes which deals with imprisonment and personal injury. Where false imprisonment is the wrong declared upon and where, as here, that confinement is inextricably intertwined with an unlawful arrest, the statute of limitations which governs the action is that relating to a false arrest." (p. 150, 285 A.2d p. 112)

It is noted that in Hileman v. Knable, cit supra, the plaintiff argued that his complaint alleged facts giving rise to causes of action not only for false arrest and malicious prosecution but also for false imprisonment because only certain defendants were named in each count. He asserted that the cause of action for false imprisonment against his jailor was not within the words of the statute governing false arrest and hence is governed by the usual period of limitations for personal wrongs. The Court of Appeals rejected this argument, relying on Rhoads v. Reading Co., cit supra;

"Every arrest without a warrant involves a confinement which, if not privileged, constitutes a false imprisonment. Hence, 'false arrest' in the act must include some actions for false imprisonment."

391 F.2d 596, 597.

All of plaintiff's allegations in his Complaint belie his present argument that he is saved from the false arrest statute of limitations of one year by reason of the fact that the arrest of the plaintiff was a lawful arrest, completely unrelated to the subsequent unlawful detention of the plaintiff. Plaintiff has so inextricably bound all of the elements of his cause of action that it cannot be

**1228**

saved by any attempt to unravel them in the face of the statute of limitations attack.

We, therefore, hold that the Pennsylvania Statute of Limitations for malicious prosecution and false arrest, 12 P. S. § 51, bars the maintenance of this action against any defendant named herein and the Complaint will be accordingly dismissed.

### ORDER

And now, this 21st day of November, 1974, upon consideration of the motions of all defendants to dismiss the within action as barred by the statute of limitations it is

Ordered that the within action be and hereby is dismissed as to all Defendants named therein.