420 A.2d 613

**Christine Jordan OSGOOD, Appellant,**

**v.**

**BOROUGH OF SHAMOKIN DAM.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed June 6, 1980.

1. 75 Pa.C.S. § 3362.

2. 75 Pa.C.S. § 3368(d).

John P. Campana, Williamsport, for appellant.

Richard L. Kearns, Harrisburg, for appellee.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal by the plaintiff comes to us as a result of a summary judgment being entered in defendants' favor for the reason that appellant's claim is barred by the Statute of Limitations.

The action is in trespass. Plaintiff pleads a false arrest by a policeman of defendant borough, during which the officer placed handcuffs on her and dragged her on the ground,

injuring her shoulder. She also alleges that her injury was caused by the use of unnecessary force and rough handling by the arresting officer.

If this is to be considered solely as false arrest for which the Statute of Limitations was one year [1], the claim is barred unless waived as appellant contends it was. If the tort being considered is assault and battery, a trespass vi et armis, for which the statute is two years [2], the claim is not barred and the question of waiver need not be considered.

We must agree with the lower court that the suit arose out of a physical confrontation between plaintiff and an on duty police officer attempting to make an arrest. There is nothing in the complaint to indicate that the assault and battery was committed only after the arrest was made. Clearly, the two alleged torts arose out of the same conduct of the policeman at the time of the arrest.

We are asked to distinguish the present case from that of *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971) which held that where false arrest is tort declared upon, the false imprisonment is inextricably intertwined with it so as to make the one year statute of limitation for false arrest applicable to both torts, irrespective of the fact that false imprisonment alone has a two year limitations period. Our study of that case indicates that the reason for that decision is that "false arrest" is synonymous with false imprisonment where a defendant purports to act for the purpose of securing the administration of the law without actual legal justification. Although an arrest, whether with or without a warrant, usually involves conduct which, unless privileged, is an "assault" or "battery" as well as a "false imprisonment", Restatement 2d Torts, Sect. 118, Comment b. False Arrest (1965), we cannot reach the same conclusion as *Gagliardi*

1. Act of July 1, 1935, P.L. 503 (12 P.S. 51).

2. Act of March 27, 1713 1 Sm.L. 76 Sect. 1 (12 P.S. 31). Both acts are now replaced by the Judicial Code (42 Pa.C.S.A. 5524[1]) which makes the statute of limitations two years for false arrest.

that false arrest is synonymous with "assault" or "battery" where unnecessary force and rough handling in making the arrest is alleged.

In *Gagliardi v. Lynn,* supra, Justice Pomeroy recognized that some battery as well as confinement is involved in a false arrest, i. e., 446 Pa. at p. 150, 285 A.2d at p. 112, "By the same token, if the false arrest involved <u>only a touching</u> and no confinement, and we were forced to choose between limitation statutes relating to false arrest and battery, we would opt for the former." (underlining supplied). However, as we have noted by our emphasis, this conclusion was based on "only a touching" of the person arrested.

Viewing this question in another way, it might be said false arrest is synonymous with false imprisonment because each involves some degree of restraint with similar results. The manifest injuries to the complaining party would be the same. This is not true in the present case. The ordinary results of a false arrest are not personal injuries.

We are asked to also examine the case of *Hooper v. Guthrie,* 390 F.Supp. 1327 (D.C.1975) and *Martell v. Chisholm,* 384 F.Supp. 1224 (D.C.1974) in support of appellees' position that these two alleged torts arise out of the same unreasonable conduct constituting one tort of "false arrest". *Martell v. Chisholm* is clearly not applicable to our present case, for it involved a false arrest and imprisonment, and the court followed *Gagliardi* saying at p. 1227 "Every arrest without a warrant involves a confinement which, if not privileged constitutes a false imprisonment." Here "false arrest" in the act must include some actions for "false imprisonment", quoted from *Rhoads et al. v. Reading Co.,* 83 Pa.D. & C. 168 (1952), also referred to in *Gagliardi.* Likewise, in *Hooper v. Guthrie,* it involved false arrest and incarceration, not personal injuries.

██ The use of unnecessary force at the hands of police officers is not to be condoned. It is the constitutional right

of every citizen to be free of unreasonable and unnecessary force at the hands of police making otherwise lawful arrests. *U. S. v. Classic*, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed.2d 1368 (1941), followed in *Conklin v. Barfield*, 334 F.Supp. 475 (D.C.1971). Thus, there is a distinction between the personal contact recognized in *Gagliardi* and the excess force proscribed by the above cases; and it does not matter whether it is exercised during the arrest or subsequently.

■ For this reason, we would not opt the application of the statute of limitations to the false arrest tort as was done in *Gagliardi*, but to the contrary, would opt it to the assault and battery charge alleged in this case.

Therefore, the summary judgment in defendants' favor is reversed and the record remanded to the lower court for further proceedings not inconsistent with this opinion.