422 A.2d 893

**Janice WILLIAMS and Sandra Harper, Appellants,**

**v.**

**JOY SHOPPES, INC., Appellee.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Nov. 21, 1980.

Francis Gerard Janson, Philadelphia, for appellants.

Jerome E. Marks, Philadelphia, for appellee.

Before HOFFMAN, BROSKY and CIRILLO, JJ.*

CIRILLO, Judge:

Appellants brought an action in trespass on March 6, 1978, alleging that the appellee falsely accused the appellants of shoplifting on or about November 19, 1976. The appellants allege actions for false imprisonment, false arrest, and malicious prosecution. The appellee asked for summary judgment against the appellants on the theory that the applicable statute of limitations was one year. The court below granted summary judgment and dismissed the Complaint, and the appellants have appealed to this Court.

At the time of the incident complained of, the applicable statute of limitations for false arrest and malicious prosecution was one year; whereas, the statute of limitations for false imprisonment was two years. The lower court applied the one–year limitation on the basis of the case of *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971). That case held that "where false imprisonment is the wrong declared upon and where, as here, that confinement is inextricably intertwined with an unlawful arrest, the statute of limitations which governs the action is that relating to a false arrest." We believe that the lower has misapplied the holding in *Gagliardi* to the facts of this case. In this case, the false imprisonment preceded the arrest, the reverse of the facts in *Gagliardi.* Here, the appellee falsely accused the appellants of shoplifting and locked the doors to the establishment, thus falsely imprisoning both appellants. The police were summoned and, thereafter, arrested the appellant Williams.

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

No arrest was made of the appellant Harper. There could have been no merger of a previous arrest into a later false imprisonment. We hold, therefore, that the applicable statute of limitations in this case was two years.

The Order of the Court of Common Pleas of Philadelphia County granting the appellee's Motion for Summary Judgment is reversed.