# Maher v. Karnis

*Boyd A. England,* for plaintiff.
*Leslie G. Dias,* for defendants.
*William J. Johnson, Jr.,* for additional defendant.

BECKERT, *J.,* August 22, 1985—This case is before us on the petition of defendants Edward Karnis and Southeastern Pennsylvania Transportation Authority, who seek leave to amend their pleadings so as to allege the defense of the statute of limitations. We believe the proposed amendments should be disallowed.

The motor vehicle accident giving rise to this litigation occurred on February 8, 1982. Exactly two years later, on February 8, 1984, plaintiffs instituted suit by the filing of a writ of summons in this court. An order of service dated February 17, 1984 was delivered to the office of the Bucks County Sheriff sometime between that date and February 21, 1984. Service of the writ of summons on defendant SEPTA was accomplished (by deputizing the Sheriff of Philadelphia County) on March 8, 1984, 29 days after the original writ of summons had been timely filed. Shortly thereafter, on March 21, 1984, plaintiffs filed their complaint in trespass, which was promptly served upon defendants, and defend-

ants SEPTA and Karnis filed their answers thereto. On March 11, 1985, seven months after additional defendant Trenton-Philadelphia Coach Co. had filed its new matter, raising therein the statute-of-limitations defense, counsel for original defendants sought leave from plaintiffs' attorney to file an amended answer which would likewise include the statute of limitations as an affirmative defense. That request was denied and the application now before us was filed.

The leading Pennsylvania authority on the question of the tolling of the statute of limitations in the event of a plaintiff's failure to seek timely service of process is Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976). The test enunciated in that case as to whether a writ of summons continues to remain effective to commence an action is a scrutiny of whether plaintiff, after filing the writ, ". . . then refrains from course of conduct which serves to stall in its tracks legal machinery he has just set in motion." In Lamp, plaintiff's counsel affirmatively directed the sheriff to refrain from making service of the writ and proceedings came to a standstill for many months. Here, however, there was merely a delay of a few days between the date the writ was filed and its delivery by plaintiff's counsel to the sheriff. It would be unreasonable under the facts presently before us to conclude that the legal machinery of this case had been "stalled in its tracks." There simply was no significant time lapse.

Furthermore, it appears that plaintiffs' counsel here was anticipating that service of process would be accepted by opposing counsel so that the sheriff's involvement would not even have been necessary. That fact certainly afforded ample cause for a brief delay before directing that service be instead accomplished through the more formal channels.

We recognize that line of cases, such as Gagliardi v. Lynn, 446 Pa. 144, 285 A.2d 109 (1971), where late filing of a defense raising the statute of limitations has been allowed where even timely notice of that defense could not have altered the plaintiff's position, since the statute of limitations had run prior to commencement of the particular action. Nonetheless, we have broad discretion under Pa.R.C.P. 1028 as to the allowance of an amendment to a pleading. As plaintiffs have pointed out here, if it is readily apparent that no defense will lie under all of the facts which are pleaded in the proposed amendment, there is no need to allow the opportunity to amend since it would represent an exercise in futility. Goodrich-Amram 2d, §1033:7. Since we have concluded that there is no reasonable basis for arguing that plaintiffs' actions nullified the tolling of the statute of limitations, we see no need to further clutter the record of these proceedings or indulge additional judicial time in ruling upon an issue which can be laid to rest now.

We are aware that the same statute-of-limitations issue has been raised in timely fashion by additional defendant and is not disposed of by this opinion and order. However, we are confident that at the time of final resolution of this case the rationale here set forth will be adopted as the controlling law of the case. We recognize that a trial court is without power to enter judgment on the pleadings on its own motion. Paulish v. Bakaitis, 442 Pa. 434, 275 A.2d 318 (1971); Bueamith Electronics, Inc. v. Guise, 62 D.&C.2d 777 (1973).

## ORDER

And now, this August 22, 1985, the rule heretofore entered on May 8, 1985 and directed to plaintiffs and additional defendant Trenton-Philadelphia

64

Coach Co. to show cause why defendants Edward Karnis and Southeastern Pennsylvania Transportation Authority should not be permitted to amend their pleadings to allege the defense of the statute of limitations is hereby discharged and the proposed amendment is denied.