## JONES–BURGET v. BOROUGH OF DORMONT.

(Circuit Court of Appeals, Third Circuit. September 9, 1926.)

### No. 3417.

Limitation of actions ⬤�439 31—Action for false arrest and imprisonment held barred by limitation, under Act Pa. June 24, 1895 (P. L. 236; Pa. St. 1920, § 13859a).

Action for false arrest and imprisonment *held* barred by limitation, under Act Pa. June 24, 1895 (P. L. 236; Pa. St. 1920, § 13859a), limiting the time for bringing action for wrongful injury to the person to two years.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action at law by Mrs. E. M. Jones-Burget against the Borough of Dormont. Judgment for defendant, and plaintiff brings error. Affirmed.

Mrs. E. M. Jones-Burget, of Wilmington, Del., in pro. per.

A. C. Purdy, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges.

PER CURIAM. Mrs. E. M. Jones-Burget, plaintiff below and appellant here, is a citizen and resident of the city of Wilmington, in the state of Delaware. She was in the employ of the Shuman Company, of Boston, Mass., and pursuant to her employment she went to the borough of Dormont, in the Western district of Pennsylvania, on July 29, 1922. While in the borough that day she was arrested, taken to the borough lockup, and later on the same day was taken to the Allegheny county jail.

The borough police officer, who arrested her, charged her with violating section 22 of Borough Ordinance No. 132, which provides that it shall be unlawful for any person, having no fixed place of residence in the borough, to go from house to house within the borough begging or asking for food or alms. She admitted that she had no residence within the borough, and that she was going from house to house on Illinois avenue, but said that she was doing so "in search of a room to rent."

She brought action against the borough for false arrest and imprisonment. The borough filed an affidavit of defense, raising questions of law in the nature of a demurrer. On June 16, 1924, Judge Thomson filed an opinion in the District Court, on which judgment was entered against the plaintiff on the ground that her statement of claim did not constitute a cause of action. On her own motion that judgment was set aside and the suit discontinued. On October 4, 1924, she filed her statement of claim in the suit at bar, which is based on her arrest and imprisonment on July 29, 1922. On November 3, 1924, defendant filed its affidavit of defense, again raising questions of law, and alleged that judgment should be entered for it, because the "claim is barred by the statute of limitations," the "case is res judicata," "the statement of claim fails to set forth any cause of action entitling plaintiff to recover against the borough of Dormont," "the borough of Dormont is not liable for the acts alleged by the plaintiff to have been committed by the burgess and police officer of the borough of Dormont," and the acts alleged to have been committed by the burgess and police officer were committed in performance of a public function, for which the borough is not liable.

Judgment was again entered against the plaintiff, on the ground that her statement of claim failed to set forth any cause of action entitling her to recover. The case is here on writ of error.

The arrest and imprisonment, if unlawful, were a trespass, an injury wrongfully done to the plaintiff. Every suit in Pennsylvania to recover damages for injury wrongfully done the person "must be brought within two years from the time when the injury was done and not afterwards." Act June 24, 1895 (P. L. 236; 2 Purdon's Digest, p. 2292 [Pa. St. 1920, § 13859a]). The injury was done on July 29, 1922. The action thereon to recover damages had to be brought on or before July 29, 1924.

There is some confusion as to when the action before us was begun. Neither the record nor briefs contain a copy of the praecipe showing when it was filed and the action begun. In his opinion, the learned District Judge said: "On October 4, 1924, plaintiff

filed her præcipe for summons and statement of claim in the present action. * * * It will be noted that the present was more than two years after the cause of action had accrued." The record shows that the original statement of claim was "filed October 4, 1924." However, the record, printed and filed by the plaintiff, begins with the statement:

"Said action was commenced on the 1st day of August, A. D. 1924, and proceeded to final disposition at the term and day above written, and during the progress thereof pleadings and papers were filed, process was issued and returned, and orders of the court were made and entered in the order and on the dates hereinafter stated."

If the action was begun on August 1, 1924, and not October 4, following, it had already been barred by the statute of limitations, for it was not brought within two years after the injury was done.

It follows that the judgment must be affirmed.