Ramon Sierra **LOPEZ** et al.

v.

Police Officer **WHITE** et al.

Civ. A. No. 75–3681.

United States District Court,
E. D. Pennsylvania.

Oct. 19, 1977.

Jack J. Bulkin, Robert M. Pressman, Pressman & Lipsky, Philadelphia, Pa., for plaintiffs.

Sheldon L. Albert, City Sol., by Thaddeus J. Bartkowski, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

A. LEON HIGGINBOTHAM, Jr., District Judge.

Defendants in this action have filed a motion for summary judgment. Defendants claim (1) that the City of Philadelphia is not a proper party; (2) that causes of action for false arrest and assault and battery arising out of the December 27, 1973 occurrences are barred by the Statute of Limitations; and (3) that causes of action arising from arrests other than those on December 24, 1973 and September 12, 1975 were not pleaded with sufficient specificity. Defendant's motion is GRANTED as to the causes of action for false arrest arising out of the December 24, 1973 arrest. The motion is DENIED as to all other matters including the causes of action for assault and battery arising out of the December 24, 1973 incident.

Plaintiffs contend that on multiple occasions they were subjected to assaults and arrests by various policemen and that such assaults and arrests were in furtherance of a conspiracy among said policemen. Plaintiffs ask relief against the policemen under 42 U.S.C. § 1983 and under the common law tort theories of false arrest, assault and battery, and civil conspiracy. Plaintiffs ask relief against the City of Philadelphia under the Fourth, Eighth and Fourteenth Amendments, under the tort theories just mentioned, and for negligent supervision

and selection of its employees. Jurisdiction of the claims against the individual policemen is alleged under 28 U.S.C. §§ 1343(3) and (4). Jurisdiction of the federal claims against the City of Philadelphia is alleged under 28 U.S.C. § 1331. Jurisdiction of the tort claims against all defendants is alleged under the principles of pendent jurisdiction.

## I.

Two recent Third Circuit cases have made it clear that this court has subject matter jurisdiction over plaintiffs' claims against the City of Philadelphia and that this court may decide the state claims without first deciding the issue of whether the fourteenth amendment claims state a cause of action upon which relief can be granted. *Mahone v. Waddle,* 564 F.2d 1018 (3d Cir. 1977); *Gagliardi v. Flint,* 564 F.2d 112 (3d Cir. 1977).

■ Plaintiffs' allegation that they have suffered damages resulting from the City of Philadelphia's violations of the fourteenth amendment constitutes a substantial federal constitutional claim. *Gagliardi v. Flint, supra,* 564 F.2d at 114–115 (3d Cir. 1977). That being so, this court has jurisdiction over the subject matter of the claim pursuant to 28 U.S.C. § 1331. *Mahone v. Waddle, supra,* 564 F.2d at 1022 (3d Cir. 1977). Since this court has jurisdiction over a substantial federal claim against the city, it may exercise pendent jurisdiction over the state claims made against the city. *Gagliardi, supra,* 564 F.2d at 114.

■ The relief asked for under the state claims is co-extensive with that sought under the federal claims. Therefore it is appropriate to decide the state claims without deciding the validity of the fourteenth amendment claims. The *Gagliardi* court specifically sanctioned this procedure in the following language:

[A] federal court may, and indeed usually should, decide pendent, nonconstitutional claims if by doing so the court can avoid the decision of difficult constitutional issues. This is true even if the pendent claims alone would be beyond the juris-

diction of the federal court. *Gagliardi, supra,* 564 F.2d at 114; *accord, Mahone,* 564 F.2d at 1025 *supra.*

The *Mahone* court made the propriety of this procedure even clearer. In that case, the plaintiff alleged causes of action under 42 U.S.C. § 1981, the fourteenth amendment and state law. The court stated, "Even if § 1981 were completely inapplicable to this case . . . *Gagliardi* would still control and require that the pendent state law claims be decided rather than the fourteenth amendment issue." *Mahone, supra,* 564 F.2d at 1026, n. 10.

Therefore, the motion for summary judgment in favor of the City of Philadelphia is DENIED.

## II.

■ Since there is no federal statute of limitations governing the actions brought here, the state statutes of limitations governing analogous actions must be applied. *Hileman v. Knable,* 391 F.2d 596 (3rd Cir. 1968). There are two statutes of limitations that might be applicable. 12 P.S. § 34 is a two year statute of limitations on personal injury actions. 12 P.S. § 51 is a one year statute of limitations on malicious prosecution and false arrest actions. Although § 34 has been held applicable to false imprisonment actions [*Jones-Burget v. Borough of Dorment,* 14 F.2d 954 (3rd Cir. 1926)], § 51 governs when "confinement is inextricably intertwined with an unlawful arrest." *Gagliardi v. Lynn,* 446 Pa. 144, 285 A.2d 109, 112 (1971). Plaintiffs' actions for false arrest or false imprisonment stemming from the December 24, 1973 arrests are therefore barred.

■ The actions for assault and battery and civil conspiracy are governed by § 34 and are not barred. In *Polite v. Diehl,* 507 F.2d 119 (3rd Cir. 1974), the plaintiff brought a civil rights action seeking damages for false arrest and assault and battery stemming from incidents occurring more than a year but less than two years before the filing of the complaint. The court held that the claims based on false

arrest were barred by § 51, but held that the assault and battery claims were governed by § 34 and hence were not barred. The assault in that case allegedly took place in the police station after the arrest. The court stated,

> "[S]ince the alleged assault and battery was not 'inextricably intertwined' with the alleged false arrest, plaintiff's cause of action for assault and battery would not, under Pennsylvania law, be subsumed under the one-year statute applicable to suits for false arrest." *Polite, supra* at 123.

The alleged assaults in this case were prior to arrest, but I find that they were not "inextricably intertwined" with the arrest. Although almost all false arrests involve at least a technical assault and battery, the alleged actions here constitute far more than a technical tort. The assaults, as alleged, were not commenced for the purpose of accomplishing an arrest. They were of a severity far exceeding that necessary to accomplish an arrest. In no sense were they "inextricably intertwined" with the arrest. The false arrest limitation thus does not apply and the claims based on assault and battery are not barred.

■ Plaintiffs also allege damages resulting from a conspiracy among the policemen to deprive them of their constitutional rights. [Complaint, pp. 6–7]. Although the arrest of December 24, 1973 is allegedly one of the acts in furtherance of that conspiracy, the conspiracy includes a range of acts, including the already mentioned assaults, which were not "inextricably intertwined" with the arrest. I find, therefore, that this claim of civil conspiracy would be governed, under Pennsylvania law, by § 34 and hence is not barred.

### III.

Defendant contends that the arrests, other than those on December 24, 1973 and September 12, 1975, were not pleaded with the proper specificity. Since plaintiffs' counsel has stated an intention to amend the complaint to comply with this objection, I will deny defendant's motion for the present without prejudice to subsequent renewal of the motion if the complaint is not amended.