**Charles CERVA**

v.

**Harvey FULMER, et al.**

**Civ. A. No. 82–2331.**

United States District Court,
E.D. Pennsylvania.

Aug. 7, 1984.

John P. Karoly, Jr., Allentown, Pa., for plaintiff.

Stuart G. Blackburn, Philadelphia, Pa., for defendants.

Donald L. Zerbe, pro se.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

In this action under 42 U.S.C. § 1983, plaintiff Charles Cerva asserts claims against Anthony Zerbe [sic] and James Stratford [sic], both Union County, Pennsylvania constables, for alleged violations of his constitutional rights and for two claims under state law.[1] The allegations stem from defendants' conduct in connection with an arrest of plaintiff in 1981 for criminal trespass. I have granted summary judgment in favor of defendant James Stratford and against plaintiff on all counts. I now enter judgment in favor of defendant Anthony Zerbe who is *pro se.* This memorandum opinion is a statement of the reasons for these rulings.

### A. *Factual Background*

The arrest of plaintiff, which is the basis for this action, was the culmination of a series of events occurring over a seven month period. These earlier events are not relevant to the resolution of the motion for summary judgment. An arrest warrant for plaintiff had been issued by a Union County, Pennsylvania magistrate in connection with plaintiff's alleged removal of his tractor from a repair shop without payment of the bill. On the date of the arrest, defendant Stratford went with three other officers, including defendant Zerbe, to the home of plaintiff's sister in Lehigh County, in order to make the arrest. Stratford had telephoned her shortly before going to the home and had determined that plaintiff was living with her and would be at home. Upon arriving, the officers spoke to plaintiff's sister, wife and father. The father went into the house and spoke to plaintiff, who was in an upstairs bedroom. The parties dispute what happened next. Plaintiff alleges that his father told the officers that he would not come downstairs voluntarily because the arrest warrant showed an incorrect address. Plaintiff also alleges that defendants Stratford and Zerbe then forced their way into the house. Defendant Stratford contends that they were permitted entrance into the house. In either case, Stratford and Zerbe entered the house and went to the second floor. As Stratford's motion states, the "events of the actual placement of the plaintiff into custody are greatly disputed." Plaintiff claims that the arrest was made with excessive force and physical abuse. He alleges that the defendants struck and slapped him while conducting a pat down search and "violently and maliciously" pushed and pulled him while removing him from the house and placing him into defendants' car. Defendant Stratford claims that no physical contact was made with the plaintiff except the actual placement of the handcuffs on him.

Following his arrest, plaintiff was taken before a Lehigh County magistrate. Plaintiff could not make bail, and he was held overnight. He was released the next day.

Although there is a dispute as to the events which took place, for the reasons which I explain below, defendants are entitled to judgment as a matter of law, regardless of which party's version of the facts is correct, because the facts which

---

1. In his original complaint plaintiff filed suit against Union County, Lehigh Township, Moore Township, a Lehigh Township police officer, a Moore Township police officer, two Union County constables, Susquehanna Motor Co. and Harvey Fulmer (the owner of Susquehanna Motor Co.). Plaintiff alleged violations of the fourth, eighth and fourteenth amendments, liability under *respondeat superior* by the county and the two townships, and three pendent state claims for negligence, malicious trespass and assault and battery. In a series of orders I dismissed the complaint against all defendants except the two Union County constables. In an amended complaint plaintiff has again sued Harvey Fulmer, Susquehanna Motor Co. and the two Union County constables. I have dismissed the amended complaint against Fulmer and Susquehanna Motor Co. for failure to state a federal claim.

It would appear from the briefs that Anthony Zerbe [sic] is Donald L. Zerbe and that James Stratford [sic] is James Stafford. No request was made at any time during the proceedings to have the caption corrected.

might be in dispute are not material to the resolution of the motion.

## B. *Plaintiff's Causes of Action*

Plaintiff's amended complaint against defendants Stratford and Zerbe contains three counts. In Count I, plaintiff alleges that defendants used excessive force in making the arrest, in violation of the eighth amendment and the due process clause of the fourteenth amendment. He also alleges that defendants convinced the Lehigh County magistrate to set high bail and to refuse the proffered security, in violation of the due process clause and the equal protection clause of the fourteenth amendment. In Count II, plaintiff alleges that defendants used excessive force in making the arrest, in violation of their obligation to exercise due care under state law. In Count III, plaintiff alleges that defendants' conduct in making the arrest constituted assault and battery under state law.

### 1. *The Eighth Amendment Claim.*

■ Plaintiff claims that defendants' conduct in making the arrest constituted cruel and unusual punishment in violation of the eighth amendment. Plaintiff's claim is without merit. The law on this issue is well settled. The constitutional ban against cruel and unusual punishment applies only to those who have been convicted of criminal offenses. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1871 n. 16, 60 L.Ed.2d 447 (1979); *United States v. Lovett,* 328 U.S. 303, 317–18, 66 S.Ct. 1073, 1079–80, 90 L.Ed. 1252 (1946); *Romeo v. Youngberg,* 644 F.2d 147, 156 n. 8 (3d Cir.1980) (en banc), *vacated on other grounds,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982); *Patzig v. O'Neil,* 577 F.2d 841, 847 (3d Cir.1978). In the case before me, plaintiff was only under arrest when the alleged unconstitutional conduct occurred; he had not been convicted of any criminal offense and was not incarcerated. The eighth amendment ban, therefore, does not protect him. The only possible constitutional issue arising from defendants' conduct in making the arrest is one of due process under the fourteenth amendment which I shall discuss below.

### 2. *The Equal Protection Claim.*

■ Plaintiff claims that defendants' conduct in making the arrest and in attempting to have his bail increased deprived him of the equal protection of the laws in violation of the fourteenth amendment. This claim is without merit. An equal protection claim must be based on some allegation of invidious discrimination or discriminatory intent. *Washington v. Davis,* 426 U.S. 229, 238–48, 96 S.Ct. 2040, 2046–51, 48 L.Ed.2d 597 (1976). Plaintiff has offered no evidence whatsoever that defendants' conduct involved either invidious discrimination or discriminatory intent, and plaintiff has offered no legal argument or authority in support of the allegation.

### 3. *The Due Process Claim and the Setting of Bail.*

■ Plaintiff claims that following his arrest, defendants convinced the magistrate to raise his bail and to refuse the security offered by his family, in violation of his right to due process under the fourteenth amendment. In support of this allegation, plaintiff states only that the magistrate's actions "were taken at defendants' instigation." Plaintiff admits that there is no direct evidence on this issue; he merely argues that the inference should be drawn that defendants "somehow convinced" the magistrate that plaintiff should have been transferred back to Union County rather than posting bail in Lehigh County. Plaintiff's claim is without merit. In order to defeat defendant's motion for summary judgment on this issue, plaintiff, as the opposing party, must come forward with some evidence, by affidavit or otherwise, to show the existence of a material issue of fact. He cannot rest on the allegations of this complaint or on the conclusory arguments of counsel. *Robin Constr. Co. v. United States,* 345 F.2d 610 (3d Cir.1965); *Hollinger v. Wagner Mining Equip. Co.,* 505 F.Supp. 894 (E.D.Pa.1981), *vacated on other grounds,* 667 F.2d 402 (3d Cir.1981).

Plaintiff has failed to come forward with any facts to support his allegation and has failed to articulate how defendants' conduct, even if true, constitutes a violation of his due process rights under the fourteenth amendment.

### 4. *The Fourth Amendment Claims.*

Plaintiff claims that defendants have violated his rights under the fourth amendment because the arrest warrant and the arrest itself were invalid. In support of this claim, plaintiff states that the warrant did not show the correct address and defendants executed it at an address different from the one shown. Plaintiff also claims that his fourth amendment rights were violated by defendants in forcing their way into the house after being refused entry by his sister. Both of these claims are without merit.

■ In an arrest warrant, unlike a search warrant, the listed address is irrelevant to its validity and to that of the arrest itself. An arrest may take place at any location so long as there is probable cause to support the arrest. *United States ex rel. Moore v. Russell,* 330 F.Supp. 1074, 1078 (E.D.Pa.1971); *Commonwealth v. Stanley,* 498 Pa. 326, 446 A.2d 583 (1982). Plaintiff admits that he took his tractor from the repair shop without paying, and he does not deny that the defendants had telephoned his sister at the place of the arrest shortly before going there, and had confirmed that he would be there. Thus, there was probable cause for making the arrest. The error in the address was of no significance.

■ Further, plaintiff's claim of forceable entry into the house is not a basis for a fourth amendment violation because, given the fact that the arrest warrant was valid and based on probable cause, the defendants were entitled to enter the premises in order to carry out the arrest. Permission of the occupant or owner was not required. *Commonwealth v. Stanley, supra.*

### 5. *The Due Process Claim and the Use of Excessive Force.*

The heart of plaintiff's complaint is that the defendants used excessive force in making the arrest, causing injuries to him. Plaintiff claims that defendants' conduct constitutes a violation of his right to due process of law under the fourteenth amendment. For the reasons which I will explain below, defendants are entitled to prevail on this issue because state law provides adequate postdeprivation remedies for the alleged deprivation and plaintiff has, therefore, not been deprived of a protected interest under the fourteenth amendment without due process of law.

The fourteenth amendment provides that no state shall "deprive any person of life, liberty, or property, *without due process of law.*" (emphasis added) Section 1983 of Title 42 of the United States Code, in turn, provides a cause of action for a fourteenth amendment violation:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action a�›ʟaw, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Section 1343 of Title 28 of the United States Code confers jurisdiction on federal district courts to hear civil actions brought under § 1983.

■ A plaintiff suing under § 1983 must establish that some person has deprived him of a federal constitutional or statutory right and that the person acted under color of state law. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Cohen v. City of Philadelphia,* 736 F.2d 81, 83 (3d Cir. 1984). In this case, there is no dispute that defendants were acting under color of state law; they were both constables of Union County, Pennsylvania, empowered under state law to make arrests, and at issue in

this case is their conduct in making an arrest. There is no allegation that plaintiff was deprived of any federal statutory right or privilege; the focus of plaintiff's claim is an alleged violation of the fourteenth amendment to the constitution. Plaintiff's claim is a pure procedural due process claim; it is not based on any specific constitutional provision other than the fourteenth amendment itself.

A proper identification of the interest involved in plaintiff's claim is essential for a valid disposition of the claim. In a series of recent decisions, the Supreme Court has begun to clarify the meaning of the "liberty" interests and "property" interests which are protected by the due process clause. *See, e.g., Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). In *Ingraham,* the Court stated that when state authorities bodily restrain or punish a person, as in the infliction of corporal punishment on school students, the liberty interests of the due process clause are implicated. *See also Black v. Stephens,* 662 F.2d 181, 188 (3d Cir.1981) (use of excessive force in making arrest implicates liberty interest), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Everett v. City of Chester,* 391 F.Supp. 26, 28 (E.D.Pa.1975) (excessive force by policeman is deprivation of liberty interest without due process). Other courts have assumed, without deciding, that a liberty interest is implicated where the allegation is one of excessive force or infliction of bodily injury by a state officer. *See, e.g., Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1352 (9th Cir.1981), *aff'd on other grounds sub nom. Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Dandridge v. Police Dept. of Richmond,* 566 F.Supp. 152, 155 (E.D.Va.1983); *Barnier v. Szentmiklosi,* 565 F.Supp. 869, 877–78 (E.D. Mich.1983). Under the analyses of the above decisions, plaintiff's claim in the case before me involves a deprivation of a liberty interest under the fourteenth amendment, allegedly without due process. I assume, because plaintiff has not claimed otherwise, that the alleged deprivation is one of *procedural* due process, not of substantive due process. I also assume, from the language of the complaint, that plaintiff is claiming intentional conduct by defendants, not merely negligent conduct.

The Supreme Court decision in *Parratt v. Taylor, supra,* is the starting point in the analysis of plaintiff's claim. In *Parratt,* a prisoner had sued state prison officials under § 1983 for the negligent loss of hobby materials that he had ordered through the mail. In ruling that the plaintiff had not sufficiently alleged a violation of the due process clause, the Court stated:

> Nothing in [the fourteenth] amendment protects against all deprivations of life, liberty, or property by the State. The Fourteenth Amendment protects only against deprivations "without due process of law." (citation omitted) Our inquiry therefore must focus on whether the [plaintiff] has suffered a deprivation ... without due process of law. In particular we must decide whether the tort remedies which the State ... provides as a means of redress for property deprivations satisfy the requirements of procedural due process.

*Id.* 451 U.S. at 537, 101 S.Ct. at 1914.

The Court held that although conduct by defendants clearly constituted a deprivation of a property interest under the due process clause, the plaintiff did not have a claim under § 1983 because postdeprivation state tort claims procedures were available to him to compensate for his loss. On this basis, the Court concluded that the plaintiff had not been denied his property interest without due process. *See also Holman v. Hilton,* 712 F.2d 854 (3d Cir.1983) (negligent loss of prisoner's personal property by officials in prison fire constitutes deprivation of property interest under due process clause).

In concluding that the state remedies available in *Parratt* satisfied the requirements of due process, the Court stated:

To accept [plaintiff's] argument that the conduct of the state officials in this case constituted a violation of the Fourteenth Amendment would almost necessarily result in turning every alleged injury which may have been inflicted by a state official acting under "color of law" into a violation of the Fourteenth Amendment cognizable under § 1983. It is hard to perceive any logical stopping place to such a line of reasoning.... Such reasoning "would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis,* 424 U.S. 693, 701 [96 S.Ct. 1155, 1160, 47 L.Ed.2d 405] (1976). We do not think that the drafters of the Fourteenth Amendment intended the Amendment to play such a role in our society.

451 U.S. at 544, 101 S.Ct. at 1917.

In *Hudson v. Palmer,* — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), the Supreme Court extended the rule of *Parratt* to intentional deprivations of property. In *Hudson,* the Court held that the intentional destruction of a prisoner's personal property by a prison official did not violate the due process clause of the fourteenth amendment because the prisoner had adequate postdeprivation remedies under state law for any loss suffered. *Id.* at —, 104 S.Ct. at 3203. The Court also held that the fact that the prisoner might not be able to recover under state law remedies the full amount which he might receive in a § 1983 action did not render the state remedies inadequate. *Id.* at —, 104 S.Ct. at 3205.

Likewise, the Third Circuit, in *Cohen v. City of Philadelphia, supra,* at 84, 86, has held that state officials' deprivation of plaintiff's property interest in his employment as a police officer does not deprive him of due process as long as the state provides him with the "means by which to receive redress for the deprivation."

Although the decisions in *Parratt, Hudson* and *Cohen* involved deprivations of property interests, there is nothing in those decisions to suggest that their rationale is not applicable to liberty interests as well, and several circuit courts and a growing number of district courts have so held. The rationale is also supported by the Supreme Court's earlier decision in *Ingraham v. Wright, supra,* in which the Court held that although a deprivation of a liberty interest resulted from the infliction of corporal punishment by school officials on students, the deprivation was not without due process because adequate state procedures, which required an initial determination of the propriety of the punishment, coupled with civil tort remedies and criminal prosecution, were available to remedy the deprivation. *Id.* 430 U.S. at 676–80, 97 S.Ct. at 1415–17.

The Ninth Circuit decision in *Rutledge v. Arizona Bd. of Regents, supra,* is particularly instructive. In *Rutledge,* a college football player sued his coach under § 1983 for allegedly punching him in the mouth and beating him about his head. The player claimed an intentional deprivation of his liberty interest for the alleged assault and battery. The court assumed that a liberty interest was implicated, and described the relevant issue as "whether the postdeprivation hearing available to the [plaintiff] under the law of the State of Arizona satisfied the due process requirement of the Fourteenth Amendment." *Id.* at 1352. In finding that it did, the court affirmed the dismissal of the complaint and stated:

[S]ince [plaintiff] has sought redress in the Arizona state courts, and in the absence of suggestion that the postdeprivation procedures under state law are deficient, we must conclude that the alleged deprivation was not without due process of law. That the effect of our holding is to relegate [plaintiff] to his tort law remedy under Arizona law for [the] alleged assault and battery should surprise no one. That is the consequence of *Parratt v. Taylor* as applied to this action of [defendant].

*Id.*

Likewise, in *Ellis v. Hamilton,* 669 F.2d 510 (7th Cir.), *cert. denied sub nom. Ellis v. Judge of Putnam Circuit Court,* 459

U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982), albeit in a somewhat different factual context, the Seventh Circuit, on the basis of the *Parratt* analysis, affirmed the dismissal of a § 1983 action against welfare and judicial officers for the arbitrary removal of grandchildren from plaintiff's home. Characterizing defendants' conduct as an intentional deprivation of plaintiffs' liberty interests under the due process clause, the court ruled that plaintiffs had not established a denial of due process of law. The court held:

> [T]here is no denial of due process if the state provides reasonable remedies for preventing families from being arbitrarily broken up by local domestic relations officers such as the defendants in this case.... [T]he law of Indiana provides a variety of remedies by which to correct, and promptly, this kind of misbehavior.

*Id.* at 514, 515. The court noted that plaintiffs' state remedies included habeas corpus, mandamus, civil action for fraud and petition for visitation rights. *Id.*

In *Vicory v. Walton,* 721 F.2d 1062 (6th Cir.1983), the Sixth Circuit held that under the principles of *Parratt* a plaintiff who alleged an intentional deprivation of property rights under the due process clause, based on the seizure by defendants sheriff and county prosecutor of his mobile home in a homicide investigation, had not made out a claim under § 1983. In reversing a grant of summary judgment for plaintiff, the circuit court held that § 1983 "was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials." *Id.* at 1065. Rather, the court stated:

> [T]he statute is a remedy for only those wrongs which offend the Constitution's prohibition against property deprivations without procedural due process. Thus we hold that in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate. In a procedural due process case under section

1983, the plaintiff must attack the state's corrective procedure as well as the substantive wrong.

*Id.* at 1065–66. The court noted that the plaintiff could pursue an action in an Ohio state court for forcible entry and detainer.

The Ninth Circuit, which had extended the *Parratt* authority to an intentional deprivation of a liberty interest in *Rutledge v. Arizona Bd. of Regents, supra,* applied it also to the negligent deprivation of a liberty interest in *Haygood v. Younger,* 718 F.2d 1472 (9th Cir.1983). In *Haygood,* a state inmate who had been incorrectly imprisoned for longer than his proper sentence because of miscalculations of time by prison officials filed an action against the prison officials under § 1983. At trial, the jury found in favor of plaintiff, and the trial court denied defendants' motion for judgment n.o.v. The Ninth Circuit reversed, holding that the rule that state tort remedies for wrongful deprivations of property satisfied due process also applied to deprivations of liberty. The court cautioned that in applying the principles of *Parratt,* trial courts should not confuse the rights accorded by the fourteenth amendment's due process clause with the remedy afforded by § 1983. The court said:

> *Parratt* did not deny Taylo a remedy; it defined his rights. The decision does not require that state remedies be exhausted. It held that no constitutional violation had occurred. Resort to federal court in situations encompassed by its rationale is foreclosed. (citations omitted) And for that matter, so is recourse to state courts on a section 1983 claim.... The distinction between deprivations of property and those of liberty in that context is unimportant.

*Id.* at 1480. The court held that § 1983 "is not an insurance policy against mistakes being made by those acting under color of law. It only insures against mistakes made in the absence of 'due process.'" *Id.* at 1481. The court found that adequate prison administrative remedies, habeas corpus proceedings and state tort law reme-

dies were available to compensate plaintiff for his loss of liberty. *See also Bonner v. Coughlin*, 517 F.2d 1311, 1319 (7th Cir. 1975), *modified en banc*, 545 F.2d 565 (7th Cir.1976), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 529 (1978).

Trial courts in several federal judicial districts have also adopted the *Parratt* analysis in deciding civil actions filed under § 1983. *See, e.g., Thurman v. Rose*, 575 F.Supp. 1488 (N.D.Ind.1983); *Dandridge v. Police Dept., supra; Barnier v. Szentmiklosi, supra; Graham v. Mitchell*, 529 F.Supp. 622 (E.D.Va.1982); *Eberle v. Baumfalk*, 524 F.Supp. 515 (N.D.Ill.1981); *Meshkov v. Abington Township*, 517 F.Supp. 1280 (E.D.Pa.1981).

The thorough and careful analysis of Judge Charles W. Joiner in *Barnier v. Szentimiklosi, supra*, is especially helpful because that case, like the case before me, arose from an allegation of excessive force by police in making an arrest. In *Barnier*, the plaintiff had been stopped by two police officers for a traffic violation. After pulling him from his car, they allegedly beat and choked him with their flashlights and hands. At the close of defendants' case, the court dismissed the § 1983 claim on a motion for a directed verdict. Assuming that plaintiff's claim constituted an intentional deprivation of a liberty interest under the due process clause, the court applied the *Parratt* analysis and held that because the process provided by the state after the deprivation comported with constitutional requirements, plaintiff was not deprived of any protected interest without due process of law. The court noted that "a panoply" of state tort remedies was available to plaintiff, including a civil action for assault and battery. *Barnier, supra*, at 879.

Judge Joiner also observed in *Barnier* that once it becomes clear in a case, first, that plaintiff's only viable federal claim is a violation of procedural due process, and, second, that state remedies are adequate to compensate plaintiff for his loss, the

§ 1983 action should be dismissed on a motion for summary judgment, and not later at trial. *Id.* at 881–82. This approach is both legally sound and judicially economical, and I have adopted it in the case before me.

■ Based upon the authorities cited above, I conclude that no deprivation of a liberty interest under the fourteenth amendment has occurred without due process where adequate state postdeprivation remedies are available to compensate a plaintiff who alleges excessive force by police officers in arresting him. It is, therefore, necessary to determine whether the postdeprivation remedies available to plaintiff under Pennsylvania law provide him with adequate due process.

■ Under traditional Pennsylvania common law principles, a police officer may be subject to suit for civil damages for unlawful conduct involving the use of excessive force in making an arrest. The officer is not immune from suit even though he is a governmental employee, and his conduct may constitute a claim for assault and battery. *See Belcher v. United States*, 511 F.Supp. 476, 482–84 (E.D.Pa. 1981); *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 672–73 & n. 22 (E.D.Pa.1978); *Lopez v. White*, 443 F.Supp. 556, 557–59 (E.D.Pa.1977); *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109, 112 n. 4 (1971); *Osgood v. Borough of Shamokin Dam*, 278 Pa.Super. 423, 420 A.2d 613, 615 (1980). *See also Restatement (Second) of Torts* § 118 comment b; *id.* at § 132 (use of force to make arrest is not privileged if means employed are in excess of those reasonably necessary); *id.* at § 133 (officer is liable for excessive force in making arrest).

■ In the case before me, plaintiff has alleged that the conduct of the defendants in making the arrest constituted assault and battery. Thus, under traditional Pennsylvania common law, above, plaintiff has a claim for civil damages against defendants.[2]

---

**2.** Defendants' conduct may also constitute a crime under Pennsylvania law. Criminal

charges can be brought against a police officer for the use of excessive force in making an

Because defendants are employees of a political subdivision, it must be determined whether potential causes of action against them as individuals are prohibited by the Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat.Ann. §§ 8541–8564 (Purdon 1982). In general, the Act provides that under the principles of governmental and official immunity, political subdivisions and their employees are protected against civil damage actions, except as provided for under the Act itself. The Act in essence recognizes two types of civil damage actions: those asserted against the political subdivision based on certain enumerated negligent conduct by the political subdivision or its employees, *id.* at §§ 8541, 8542,[3] and those against the employee of the political subdivision in which the conduct of the employee involves a crime, actual malice or willful misconduct, *id.* at § 8550. In the latter, the provisions of § 8545 (relating to official liability generally) and § 8546 (relating to defense of official immunity) do not apply.

In the case before me, plaintiff has not alleged that defendants were negligent in any way which may be reached by the negligence provisions of the Act. Rather, plaintiff claims that defendants' conduct constituted assault and battery, which generally involves willful misconduct and possibly a crime under Pennsylvania law. Thus, under § 8550 of the Act, defendants would not be protected from suit under official immunity, and the traditional common law causes of action for damages under Pennsylvania law would be available to plaintiff.[4]

I have found nothing in the reported decisions involving the Act or its predecessor act, 1978 Pa. Laws 1399 (repealed

1980), which would hold to the contrary. *See Duffy v. Buchanico,* No. 84–304 (E.D. Pa.Mar. 15, 1984) (assault by police officer might amount to crime, "e.g., assault and battery," under state tort claims act). *See also Hudson v. Palmer, supra,* —— U.S. at ——, 104 S.Ct. at 3205 (under Virginia state tort claims act, state employees do not enjoy sovereign immunity for intentional torts).

■ I conclude that under the rationale of *Parratt v. Taylor* and *Hudson v. Palmer, supra,* the postdeprivation remedy which Pennsylvania law makes available to plaintiff is adequate under the due process clause to compensate him for any deprivation of a liberty interest which defendants' conduct may have caused him. Accordingly, plaintiff has not made out a claim under 42 U.S.C. § 1983 because he has not been deprived of due process of law.

### 6. *Pendent State Claims.*

■ Plaintiff claims that defendants' conduct in making the arrest also constitutes assault and battery and a failure to exercise due care under state law. These claims are before me as pendent state claims because they arise out of the same operative facts as plaintiff's federal claims. However, under my discretionary power I will dismiss these claims because I have dismissed plaintiff's federal claims and there are no "extraordinary circumstances" here to require that I retain jurisdiction of the state claims. *United Mineworkers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Weaver v. Marine Bank,* 683 F.2d 744, 746 (3d Cir.), *rev'd on other grounds,* 455 U.S. 551, 102 S.Ct. 1220, 71 L.Ed.2d 409 (1982).

arrest. *See* 18 Pa.Cons.Stat.Ann. § 2701 (simple assault); *id.* at § 2702 (aggravated assault); and *id.* at § 5301 (official oppression). *See also Commonwealth v. Stumpo,* 306 Pa.Super. 447, 452 A.2d 809 (1982) (conviction of on-duty police officer involved in physical altercations with civilians upheld).

3. The types of conduct which could be the basis for a negligence action recognizable under the Act involve vehicle liability, care of personal

property, real property, traffic control, utility services and facilities, streets and sidewalks and similar functions. *Id.* at § 8542.

4. The arrest and defendants' alleged use of excessive force might also provide a basis for a civil damage action under Pennsylvania common law based on false imprisonment, negligence and malicious prosecution. *See Belcher v. United States,* 511 F.Supp. at 483.

### 7. *Plaintiff's Claim Against Defendant Zerbe.*

The only remaining defendant in the case is Zerbe, the other Union County constable who was involved in making the arrest. Plaintiff claims that Zerbe's conduct also constituted excessive force and deprived him of his rights under the fourteenth amendment. Plaintiff does not specify what Zerbe's conduct was, so I assume that it was similar to that of defendant Stratford. Zerbe, who is proceeding *pro se*, has filed a "Notice of Motion for Dismissal" in which he seeks judgment in his favor. I will construe this document as a motion for summary judgment and will grant the motion on all counts for the same reasons that I granted summary judgment in favor of defendant Stratford.

Earlier I granted summary judgment in favor of defendant Stratford. I now grant summary judgment in favor of defendant Zerbe on all counts. This disposes all of plaintiff's claims.