**Robert R. DOBSON**

v.

**William GREEN, Mayor, City of Philadelphia, and Morton B. Solomon, Police Commissioner, and Richard Apanewicz, Police Officer, et al.**

**Civ. A. No. 83–6251.**

United States District Court,
E.D. Pennsylvania.

Sept. 6, 1984.

---

Barry Adelman, Philadelphia, Pa., for plaintiff.

Donna Mouzayck, Asst. City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This action commenced on December 28, 1983, when plaintiff, an inmate at Holmesburg Prison, filed a complaint pursuant to 42 U.S.C. § 1983. Presently before the court is defendants' motion for summary judgment. For the reasons stated below the motion will be granted.

### I. FACTS

On January 3, 1982, at approximately 2:30 A.M., plaintiff was taken into custody by Philadelphia police officers and charged with shooting at defendant officer Apanewicz. Plaintiff claims that while in custody from 2:30 A.M. to 5:00 A.M. defendant Apanewicz and other unknown officers and detectives beat plaintiff about the head, shoulders, arms, and threatened to kill plaintiff. As a result of the beatings plaintiff alleges he sustained severe injuries.

In his complaint, plaintiff seeks recovery from defendants claiming they "... violated [his] civil liberties as guaranteed ... under the Constitution." The defendants include officer Apanewicz, unknown officers, and the mayor and police commissioner of Philadelphia at the time of the arrest.

### II. DISCUSSION

#### A. *Police Officers*

■ A Section 1983 claim has two elements. First, the plaintiff must show that he has been deprived of a federal right, statutory or Constitutional. Second, the plaintiff must prove that the person depriving him of a federal right was acting under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

There is no claim in this case that the conduct of defendants deprived plaintiff of a right secured by a federal statute. Plaintiff's only claim is that the defendants violated his "civil liberties ... guaranteed under the U.S. Constitution." Thus, it must be determined which Constitutional rights, if any, were violated by the use of the excessive force.

■ In cases where excessive force is used by state authorities the courts have either stated, or assumed with deciding, that the liberty interest of the Fourteenth Amendment is involved. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Black v. Stephens*, 662 F.2d 181 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345 (9th Cir.1981), *aff'd on other grounds sub nom., Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983); *Cerva v. Fulmer*, 596 F.Supp. 86 (E.D.Pa.1984). Since the claim in this case is based on use of excessive force by city police officers the court construes plaintiff's complaint as claiming a deprivation of a liberty interest. Having determined that a liberty interest is involved, the court must now decide whether plaintiff was deprived of that interest without due process of law in violation of the Fourteenth Amendment.

■ In the context of deprivations of property interests it is clear that where there are adequate post-deprivation state tort claims procedures available to a plaintiff there is no denial of due process. *Hudson v. Palmer*, — U.S. —, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). *Cohen v. City of Philadelphia*, 736 F.2d 81, at 84, 85 (3d Cir. 1984). This principle applies to the deprivation of property interests caused by either intentional or negligent state activity. *Hudson*, — U.S. at —, 104 S.Ct. at 3203.

■ Although the above-cited cases involved deprivations of property interests, there is nothing in those decisions to suggest that their rationale is not applicable to liberty interests as well, and this court agrees with the courts which have so held.

*See Ingraham,* 430 U.S. at 676–80, 97 S.Ct. at 1415–17; *Haygood v. Younger,* 718 F.2d 1472 (9th Cir.1983); *Rutledge, supra; Cerva,* 596 F.Supp. 86 (E.D.Pa.1983); *Barnier v. Szentmiklosi,* 565 F.Supp. 869 (E.D.Mich.1983). By limiting section 1983 actions which are based on excessive force by state authorities to those cases where the plaintiff does not have an adequate state remedy, this court and the other courts are adhering to the precept that section 1983 is not to become a font of tort law, *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1975), which would transform every action sounding in civil tort into a claim for relief under the Civil Rights Act. *See United States v. Delerme,* 457 F.2d 156, 161 (3d Cir.1972).

■ Based on the above, the court determines that where adequate state post-deprivation remedies are available to remedy the alleged use of excessive force by persons acting under color of state law there is no deprivation of a liberty interest without due process of law and thus no Constitutional violation. It is therefore necessary to determine whether adequate state remedies are available to redress plaintiff's grievances in this case.

■ The facts of this case, if proven, would, at a minimum, amount to assault and battery by defendant officers. Although defendant officers are employees of a political subdivision, recovery against them would not be barred by immunity provided by the Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat.Ann. §§ 8541–64 (Purdon 1982), since the conduct attributed to the officers is willful misconduct. 42 Pa.Cons.Stat.Ann. § 8550; *see Cerva, supra,* at 94–95. *LaPlant v. Frazier,* 564 F.Supp. 1095 (E.D.Pa.1983). Thus, plaintiff has adequate state law remedies to redress the deprivation of a liberty interest caused by the conduct of defendant officers. Based on the foregoing, plaintiff has failed to show a Constitutional violation redressable under 42 U.S.C. § 1983 and judgment must be entered for defendant officers.

## B. *Defendants Green and Solomon*

■ Supervisory officials can be held liable under section 1983 for conduct of their subordinates if plaintiff can show that the supervisory officials had some specific knowledge of *unconstitutional conduct* and intentionally acquiesced in the conduct by failing to establish proper procedures or train and supervise the subordinates adequately. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *DiGiovanni v. City of Philadelphia,* 531 F.Supp. 141 (E.D.Pa.1982). However, because the court has determined that the conduct by defendant officers in this case did not amount to unconstitutional conduct redressable under section 1983, defendants Green and Solomon cannot be liable under that section for the alleged conduct of defendant officers. Accordingly, judgment must be entered in favor of defendants Green and Solomon.

An appropriate Order will be entered.