Michael X. WILSON, Plaintiff,

v.

Robert F. MABEN, et al., Defendants.

Civ. No. 84–1657.

United States District Court,
M.D. Pennsylvania.

Sept. 4, 1987.

Amy Zapp, Deputy Atty. Gen., Harrisburg, Pa., for Zumpetta, Fulcomer, Kyler, Henry, Pyles.

James Johnson a/k/a Michael X. Wilson, pro se.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Before the court is a Report of Magistrate Joseph F. Cimini dated July 9, 1987. In the Report, the Magistrate recommends that the court grant in part and deny in part the defendants' March 18, 1987 Motion for Summary Judgment. Magistrate Cimini's recommendation will be adopted in part and rejected in part.[1]

The procedural history of this § 1983 action and the allegations of the plaintiff are set forth fully in Magistrate Cimini's Report. See document 53 of the record at pp. 1–3, 5–8. Briefly, plaintiff alleges that state corrections officers assaulted him on three different occasions and fabricated misconduct reports against him. Plaintiff seeks injunctive relief in addition to monetary damages.[2]

On March 18, 1987, the defendants moved for summary judgment. See documents 43 and 48 of the record. In his Report, Magistrate Cimini found genuine issues of material fact as to each of plain-

1. One of plaintiff's claims involves an alleged violation of his right to procedural due process in connection with several disciplinary hearings. It appears that Magistrate Cimini inadvertently omitted defendant Bitner from his recommendations, mistakenly concluding that defendant Conrad conducted all of the misconduct hearings. In fact, defendant Bitner handled the last misconduct hearing as a substitute for defendant Conrad. For the same reasons that

tiff's three assault claims and the two related claims for fabricated misconduct reports. See document 53 of the record at pp. 11–14. Thus, Magistrate Cimini granted in part and denied in part the defendants' Motion for Summary Judgment. See id. at pp. 14–16.

The defendants filed objections to the Magistrate's Report on July 22, 1987. See documents 54 and 55 of the record. Basically, the defendants contend that plaintiff's affidavit in opposition to defendants' Motion for Summary Judgment failed to demonstrate any genuine issue of material fact. For the following reasons, the recommendation of Magistrate Cimini will be adopted in a modified form.

## ANALYSIS

When examining a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. Betz Laboratories, Inc. v. Hines, 647 F.2d 402 (3d Cir.1981). If there exists a genuine issue as to any material fact, summary judgment must be denied. Fed.R.Civ.P. 56(c). On the other hand, a party opposing a motion for summary judgment cannot rest on the allegations in his complaint. Instead, that party must present evidentiary affidavits or risk having the undisputed statements contained in the movant's affidavits taken as true. See Fed.R.Civ.P. 56(e); see also Sierra v. Lehigh County Pennsylvania, 617 F.Supp. 427 (E.D.Pa.1985).

In response to defendants' Motion for Summary Judgment, the plaintiff filed a document labeled "Motion Opposing Defendants Motion for Summary Judgement" [sic]. The relevant portion of that document states as follows:

Magistrate Cimini concluded that defendant Conrad was entitled to summary judgment on all claims, defendant Bitner is entitled to the same result.

2. As plaintiff was transferred from S.C.I.–Huntingdon subsequent to his filing this action, his request for injunctive relief is moot.

2. On December 7, 1984, Plaintiff prepared an Civil Rights Complaint under 42 U.S.C., section 1983 for violation of his federal Constitutional Rights by def's prison officials who acted under color of law and jurisdictions were invoked under 28 U.S.C. Section 1343 & 1651 and 2201–2202; as a result of an incident which occurred on December 19, 1983 & June 1, 1984 & June 6, 1984. on those days, Plaintiff suffered abusive, beaten until he was unconscious. On June 1, 1984 he was beaten until he was unconscious. On June 6, 1984, beaten thraten and sexually assaulted.

3. All Defendants played an role in the covering up of the act of brutality by these staff members, the wanton acts unnecessary harassment, blatant discriminatory practices, abuse of institutional misconduct system, the Malicious Conspiracy in Keeping Plaintiff confined to the R.H.U.

4. All of Defendants Denials to Plaintiff Claims are subjected to scrutiny in that Plaintiff has carefully read all of the answers and declarations of the defendants and is positively sure that under cross examination before a Jury the credibility of the defendants can prove to be discreditable, inasmuch Plaintiff has investigative documents and has eye witness to be called upon at trial that may very well cause discredit of all if not most of defendants denials and declarations. Thereof a jury trial is necessary and highly imperative. Whrefore: for the reasons set forth above, defendants are not entitled to summary judgment. Plaintiff asserts and reasserts all of his remaining claims raised in Civil Action # 84–1657 and pray that this Motion to writ opposing Defendants Motion for Summary Judgement. Plaintiff further request that a trial date be set, and that it be a trial by Jury.

*See* document 52 of the record. The defendants argue that this document is insufficient to create triable issues of fact. The court agrees.

As stated previously, the party opposing a motion for summary judgment may not rest upon mere conclusory allegations or denials. *Cerva v. Fulmer,* 596 F.Supp. 86 (E.D.Pa.1984); *see also Tomarkin v. Ward,* 534 F.Supp. 1224 (S.D.N.Y.1982). As stated in *Tomarkin:*

> '[t]he party opposing the motion must set forth "concrete particulars" and cannot make a secret of his evidence, holding it close to his chest until the trial....' He may not merely assert conclusions without supplying arguments or facts in opposition to the motion.... He must 'bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful.'

*Tomarkin,* 534 F.Supp. at 1229 (citations omitted).

Plaintiff's "affidavit" does not satisfy this burden. Plaintiff's contention that he can discredit opposing witnesses on cross-examination is clearly insufficient to establish any genuine issue of material fact. *See Levy v. Thomas Jefferson University,* 572 F.Supp. 65, 68 (E.D.Pa.1983). Likewise, his affidavit contains conclusions and generalities as opposed to the specific facts needed to establish a triable issue of fact. *Cerva, supra; cf. Tomarkin, supra,* at 1236.

Nevertheless, the court is unable to grant the defendants' Motion for Summary Judgment on the assault allegations. According to *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers...." Based on *Haines,* the Third Circuit has treated a *pro se* complaint made under penalty of perjury as an affidavit in opposition to a motion for summary judgment. *See Reese v. Sparks,* 760 F.2d 64, 67 & n. 3 (3d Cir.1985); *Hodgin v. Agents of Montgomery County,* 619 F.Supp. 1550 (E.D.Pa.1985). If plaintiff's verified Complaint is so treated, it is obvious that several genuine issues of material fact exist.

■ Plaintiff's verified complaint contains specific and detailed allegations of several unprovoked beatings and a sexual assault. *See* document 1 of the record,

attachment one, ¶ 3; attachments two and three, ¶¶ 8–9; attachment four, ¶¶ 13–15. Plaintiff has denied any provocation on his part. *See id.*, attachment five, ¶ 20. The defendants do not deny that there was physical contact with the plaintiff, but instead contend that any force they may have used against the plaintiff was both reasonable and necessary. *See* documents 48, 50, and 52 of the record. Thus, a material issue of fact exists as to whether the named defendants used excessive force "for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251, 261 (1986). The defendants' Motion for Summary Judgment must therefore be denied as to these particular claims.

■ As to plaintiff's allegations that the defendants fabricated misconduct reports against the plaintiff based on the incidents in question, no material issue of fact exists. When an inmate charged with misconduct has been afforded the procedural due process protections required by *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights under § 1983. *Hanrahan v. Lane,* 747 F.2d 1137 (7th Cir.1984); *Johnson v. Howard,* No. 86–2687 (E.D.Pa. June 30, 1986); [Available on WESTLAW, 1986 WL 7572]; *Stanton v. Zimmerman,* No. 86–1069 (E.D.Pa. May 1, 1986) [Available on WESTLAW, 1986 WL 5179]; *Tippens v. Zimmerman,* No. 86–0765 (E.D.Pa. Apr. 17, 1986) [Available on WESTLAW, 1986 WL 4834]. As Magistrate Cimini concluded, the plaintiff failed to controvert the statements in defendants' affidavits to the effect that their procedures had comported with constitutional due process. *See* document 53 of the record at p. 11. Thus, summary judgment will be granted to defendants on plaintiff's claims regarding fabricated misconduct reports.

An appropriate Order will enter.

## ORDER

NOW, this 4th day of September, 1987, in accordance with the reasoning set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Subject to the exception noted above regarding defendant Bitner, the Report of Magistrate Joseph F. Cimini is adopted.

(2) Summary judgment is granted and judgment entered in favor of defendants George H. Conrad, Robert S. Bitner, and Taylor Beckwith and against the plaintiff on all claims.

(3) Summary judgment is granted in favor of defendants Harold S. Isenberg and Robert F. Maben and against the plaintiff on all claims except that relating to their alleged assault upon the plaintiff on December 19, 1983.

(4) Summary judgment is granted in favor of defendants Dean L. Forshey and Emory M. Rhodes and against the plaintiff on all claims except those relating to the alleged assault upon plaintiff on June 1, 1984.

(5) Summary judgment is granted in favor of defendants William Hearn and Donald M. Hess and against plaintiff on all claims except that relating to the alleged assault upon plaintiff on June 1, 1984.

(6) Summary judgment is granted in favor of defendant Duane Pyles and against plaintiff on all claims except those relating to the alleged assault upon plaintiff on June 6, 1984.

(7) Summary judgment is granted in favor of defendants Kenneth Kyler, Thomas Perrin, and Roger Henry and against the plaintiff on all claims except that relating to the alleged assault upon plaintiff on June 6, 1984.

(8) The court will retain the file and not remand the case to the Magistrate.